UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY THOMASON,

        Plaintiff,                CIVIL ACTION NO. 07-CV-15041-AA

  vs.

                                         DISTRICT JUDGE JOHN CORBETT O'MEARA

CORRECTIONAL MEDICAL       MAGISTRATE JUDGE MONA K. MAJZOUB
SERVS., INC., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    The Motion for Summary Judgment filed by Defendant L.A. Dick (docket no. 80) should be **GRANTED**.

The Motion to Dismiss filed by Defendants Antonini, Calica, CMS, Inc., Fraser, Goldberger, Hutchinson, El Shamma, Tyree, and Zakiuddin Khan (docket no. 67) should be **GRANTED**.

**II.    REPORT:**

    **A.    Facts and Procedural History**

This matter comes before the Court on Defendant L.A. Dick's Motion for Summary Judgment (docket no. 80) and the Motion to Dismiss filed by Defendants Antonini, Calica, CMS, Inc., Fraser, Goldberger, Hutchinson, El Shamma, Tyree, and Zakiuddin Khan (docket no. 67). Plaintiff has responded to the motion to dismiss but failed to respond to the summary judgment motion, and the time for responding has now expired. (Docket no. 78). All pretrial matters have been referred to the undersigned for decision. (Docket no. 8). This matter is therefore ready for ruling under 28 U.S.C. § 636(b)(1)(A).

This is a civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983.[1] (Docket no. 1). Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights to equal protection and to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical need (Hepatitis C virus infection) by failing to timely notify him of the disease, properly treat it, and provide a liver transplant to him. (*Id*. at 2). Defendant L.A. Dick is a medical doctor who examined Plaintiff at Carson City Correctional Facility. (*Id*. at 2). Defendants Hutchinson, El Shamma, Antonini, Zakiuddin, Goldberger, and Calica are also medical doctors at various prisons that Plaintiff has been housed at since 1996. (*Id*. at 4-5). Defendants Fraser and Tyree are physician assistants at correctional facilities. (*Id*.).

Plaintiff claims that from the time of his incarceration in April 1996 until May 2000 Defendants withheld medical information from him, specifically that he was suffering from Hepatitis C virus. (*Id*. at 6). Plaintiff alleges that on May 11, 2000 Defendant Kanduru told him that he was infected with Hepatitis C but that by that time the virus had taken "non-reversible hold." (*Id*.). Plaintiff concedes that prison health services provided him with "Peg Interferon" treatment for his Hepatitis C virus in 2003 for 48 weeks. (*Id*. at 12-13). When this treatment failed to cure the disease, he was allegedly told that his only recourse would be a liver transplant. (*Id*. at 15). Since that time, although Defendants have treated some of the symptoms of his disease, Plaintiff complains that he has not been placed on a liver transplant list. (*Id*. at 16-17).

---

[1] Plaintiff states in his Complaint that torts of medical malpractice may be alleged in a section 1983 action. (Docket no. 1 at 2). This suggests that Plaintiff may be raising state law claims. However, in his Response to Defendants' Motion to Dismiss he denies alleging any medical malpractice claims. (Docket no. 78 ¶ 1). Therefore, the Court finds that Plaintiff is not raising any state law claims. To the extent that he is raising state law claims, they should be dismissed under 28 U.S.C. § 1367(c)(2).

Dr. Dick moves for summary judgment on the basis that all claims against her are barred by the statute of limitations. (Docket no. 80). Plaintiff failed to respond to Dr. Dick's motion. The Defendants moving to dismiss the claims against them are doing so on the bases that the claims are barred by the statute of limitations and by Plaintiff's failure to exhaust available administrative remedies. (Docket no. 67). They also argue that this Court should not exercise supplemental jurisdiction over any state law claims that Plaintiff may be raising. (*Id.*). Plaintiff responded to the motion to dismiss. He argues that any delays in filing his action are due to Defendants' actions or inactions in locating evidence needed to support his claims. (Docket no. 78 at 4). He denies that he is raising any state law claims. (*Id.* at 3). Plaintiff also complains that the grievance procedure is changed "after each unfavorable judgment against" the Defendants. (*Id.* at 3).

### B.     Governing Law

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

Plaintiff alleges that Defendants violated his rights by being deliberately indifferent to his serious medical need, Hepatitis C virus. A complaint that a physician has been negligent in diagnosing or in treating a medical condition does not state an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. (*Id.*).

**C.    Analysis**

    **1.    Motion for Summary Judgment by Dr. Dick**

Plaintiff alleges that Dr. Dick was part of a conspiracy to deny him the knowledge that he carried the Hepatitis C virus and is liable for failing to treat the virus in a timely manner, failing to refer him to a liver specialist in a timely manner, allowing him to suffer physically and mentally, and failing to provide a liver biopsy or ultra sound to correctly diagnose his condition. (Docket no. 1 ¶ 62).

Plaintiff filed this action on November 27, 2007. (Docket no. 1). The statute of limitation in section 1983 actions arising in Michigan is three years. *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Therefore, Plaintiff is barred from asserting claims based on events which

accrued prior to November 27, 2004, absent circumstances affecting the running of the limitation period.

Dr. Dick submitted an affidavit and portions of Plaintiff's prison medical records to support her motion for summary judgment. (Docket nos. 80, 81). She states that she was promoted in March 1996 to the Regional Medical Officer for Region II, Health Care Services of the Michigan Department of Corrections. (Docket no. 80-3 at 2). She remained in that position until she retired in December 2003. (*Id.*). Dr. Dick provided oversight for medical services in that position. While serving in that position, there were occasions when she had to fill in as the medical provider at a prison facility. Her first interaction with Plaintiff was on September 11, 1997 when Plaintiff requested a medication refill. (*Id.* at 3). Dr. Dick states that according to the medical records she discussed with Plaintiff on September 17, 1997 "the process for evaluation for eligibility for HCV treatment." (*Id.*). She noted that Plaintiff was willing to go through the procedure and reviewed Plaintiff's chart which showed a positive HCV antibody on two occasions – April 8, 1996 and April 12, 1996. (*Id.*). At that time the criteria was that a patient had to test positive for HCV antibody on three occasions, two months apart. (*Id.*). Dr. Dick states that she does not know who ordered the April 8 and 12 tests, but she assumes that it was a provider at the Reception and Guidance Center where Plaintiff entered the prison system. (*Id.*). She discussed that with Plaintiff on September 17, 1997. (*Id.*).

Dr. Dick further states that she ordered certain lab tests. (*Id.*). On September 26, 1997 her notes show that Plaintiff's ALT (apparently an HCV antibody level) was 88, and that she planned to await the third ALT that was ordered on September 17, 1997. (*Id.*). Dr. Dick received clarification on October 8, 1997 that because a newer test was conducted on Plaintiff, there was no

need to wait for the third test result and she noted that Plaintiff met the requirement for consideration for treatment at that time. (*Id*. at 3-4). She scheduled another ALT for November 1997. On December 10, 1997 Dr. Dick compared Plaintiff's ALT's and noted that his level was going down and scheduled another ALT for January 1998. (*Id*. at 4). After her December 10, 1997 note, Dr. Dick states that she "apparently did not provide any further direct patient care to the Plaintiff." (*Id*.). Dr. Dick states that she was not indifferent to Plaintiff's condition because she developed a plan of care and was monitoring his condition. She ordered refills for his medications but in doses not commonly known to affect or damage the liver. (*Id*.). Finally, Dr. Dick states that if Plaintiff's ALT levels had continued to decrease, "he may not have met the criteria for a specialist referral for a liver biopsy at that time." (*Id*. at 5).

The medical records submitted by Dr. Dick support her allegations in her affidavit. (Docket no. 81).

As stated above, Plaintiff did not respond to this motion for summary judgment. Therefore, these specific records and statements by Dr. Dick are not disputed by Plaintiff. Based on these facts, Plaintiff cannot show that Dr. Dick was deliberately indifferent to his Hepatitis C condition. First, Dr. Dick was not involved directly with Plaintiff's health care after December 10, 1997. Plaintiff waited until November 2007, almost ten years later, to file this civil action. (Docket no. 1). Based on these facts also, there is no merit to Plaintiff's contention that he could not have earlier filed this action due to "delays in gathering of evidence." (Docket no. 78 at 3-4). Dr. Dick informed Plaintiff of his HCV infection in September 1997. Any claim against Dr. Dick for not properly treating his HCV infection accrued by the time that she ended her direct involvement with Plaintiff's care in December 1997. *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (section 1983 claims

accrues when plaintiff knows or has reason to know of injury forming basis of claim).  Plaintiff could have filed an action within three years following any violation of his constitutional rights by Dr. Dick and gathered evidence during the discovery period.  Dr. Dick is entitled to summary judgment because all claims against her are barred by the statute of limitation.

In addition, there is no substantive merit to Plaintiff's claims against Dr. Dick.  Dr. Dick's affidavit and Plaintiff's medical records show that Dr. Dick advised Plaintiff of his Hepatitis C condition on September 17, 1997.  Because her first interaction with Plaintiff was on September 11, 1997, she could not have conspired to keep knowledge of Plaintiff's condition from him for any period of time that harmed Plaintiff.  Further, the evidence shows that Dr. Dick formulated a plan to treat Plaintiff's condition and followed that plan throughout the time that she was providing care for Plaintiff.  She was actively attempting to determine whether Plaintiff met the criteria for referral to a specialist for a liver biopsy.  Plaintiff has failed to show that Dr. Dick was deliberately indifferent to his Hepatitis C condition.  Any disagreement Plaintiff has with the treatment he received from Dr. Dick does not rise to the level of a constitutional violation.  *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  Dr. Dick should be granted summary judgment.

### 2.     Remaining Defendants

Defendants CMS, Goldberger, Antonini, Fraser, Hutchinson, Khan, Tyree, Calica, and El-Shamaa are moving to dismiss all claims against them on statute of limitation and other grounds.  (Docket no. 67).  In deciding this motion, this Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the

claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

The bulk of the allegations in Plaintiff's Complaint concern events occurring before November 27, 2004. Based on the items appearing in the record of the case, by this time Plaintiff had known of his HCV infection for about seven years because Dr. Dick had told him of it in 1997. (Docket no. 81). All claims that Defendants were deliberately indifferent to Plaintiff's infection by failing to notify him of it or by failing to properly treat it accruing before November 27, 2004 are barred by the three-year statute of limitation. Plaintiff fails to show that the accrual of such claims would be delayed. Therefore, claims against these Defendants based on events occurring before November 27, 2004 are barred by the three-year statute of limitation.

Plaintiff includes limited information in his Complaint concerning events after November 27, 2004. He underwent the 48-week treatment in 2003. (Docket no. 1 ¶ 41). Plaintiff complains that after this treatment failed, he was told that he needed a liver transplant but was denied the opportunity to have his name added to the liver transplant list by CMS and its staff. (*Id*. ¶ 50). Dr. Calica told Plaintiff in July 2007 that there was a decline "in the enzyme levels" which was apparently a good sign. (*Id*. ¶ 52). Plaintiff also began experiencing some symptoms of his liver not functioning properly and was successfully treated for those. (*Id*. ¶ 53, 54).

The only possible cognizable claim based on these facts is the denial of the placement of Plaintiff's name on a liver transplant list. The record of the case contains Plaintiff's Response to an earlier motion for summary judgment to which he attached Dr. Hutchinson's September 4, 2007 note regarding a consultation he had with Plaintiff. (Docket no. 29 at 22). Dr. Hutchinson writes:

> Finally, I explained to him that it is probably another four years
> before we will have a better treatment for hepatitis C and that in the

> interim, the only option would be a liver transplant. I explained that as a serving prisoner, he would not be eligible for evaluation by either liver transplant center in Michigan, but his sentence would need to be reduced to allow the parole board jurisdiction and the parole board would have to decide to parole him, none of which is a foregone conclusion.

(Docket no. 29 at 23). The record also shows that in August 2007 Plaintiff was told that his liver condition at that time had improved (citing specific lab test results) and that although he has cirrhosis, he is "no where near liver failure." (Docket no. 67-7 at 4). He was told that because of this improvement he was not a candidate for a liver transplant. (*Id.*).

Plaintiff has not come forward with any evidence that he would in fact have been eligible for evaluation by any liver transplant center in Michigan. Plaintiff's Complaint and other evidence in the record make clear that Plaintiff's condition was being treated, such as with medication from June until November 2007. (Docket no. 1 ¶ 53). Accordingly, Plaintiff has failed to state any cognizable claims of deliberate indifference against these Defendants for the events occurring during the period in which the statute of limitation would not bar them. Defendants' Motion to Dismiss should be granted.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

& *Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 24, 2009                     s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Tommy Thomason and Counsel of Record on this date.

Dated: March 24, 2009                     s/ Lisa C. Bartlett
                                          Courtroom Deputy