**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TOMMY THOMASON,

      Plaintiff,                  CIVIL ACTION NO. 07-CV-15041-AA

vs.

                                    DISTRICT JUDGE JOHN CORBETT O'MEARA

CORRECTIONAL MEDICAL      MAGISTRATE JUDGE MONA K. MAJZOUB
SERVS., INC., et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This action should be dismissed without prejudice as to all remaining Defendants due to Plaintiff's failure to prosecute this action.

**II.**     **REPORT:**

    **A.**     **Facts and Procedural History**

This matter comes before the Court *sua sponte* due to the Court being unable to contact Plaintiff. Plaintiff filed this civil rights action in November 2007 when he was a prisoner of the State of Michigan. (Docket no. 1). Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights to equal protection and to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical need (Hepatitis C virus infection) by failing to timely notify him of the disease, properly treat it, and provide a liver transplant to him. (*Id*. at 2). Two Defendants have been dismissed, and a Recommendation to dismiss other Defendants is now pending. (Docket no. 86).

The last submission to the Court by Plaintiff was on November 21, 2008. (Docket no. 78). On December 3, 2008 this Court entered a Report and Recommendation. (Docket no. 79). The copy of this document sent to the address Plaintiff had provided to the Court was returned as undeliverable. (Docket no. 83). On March 23, 2009 this Court entered an Order granting Defendant Dick's Motion for Protective Order. (Docket no. 85). The copy of this document mailed to Plaintiff's last known address was returned as undeliverable on April 15, 2009. (Docket no. 87). On March 24, 2009 the Court mailed a copy of another Report and Recommendation to Plaintiff's last known address. (Docket no. 86). This document was returned to the Court as undeliverable on April 14, 2009. (Docket no. 88). Finally, on April 22, 2009 this Court entered an Order for Plaintiff to show cause why Defendants Uy and Stuenkel should not be dismissed. (Docket no. 89). The copy of this document was returned as undeliverable on April 27, 2009.[1] (Docket no. 90). Plaintiff has therefore been out of contact with the Court for at least four months.

The Michigan Department of Corrections Offender Tracking Information System (OTIS) shows that Plaintiff was discharged from prison on February 12, 2009. (http://www.michigan.gov/corrections (offender search for inmate number 248826)).

**B.    Governing Law**

Rule 41(b), Fed. R. Civ. P., allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or to comply with the federal rules or any order of the court. Fed. R. Civ. P. 41(b). The Court may also *sua sponte* dismiss an action for lack of prosecution without notice of its intention or providing an adversary hearing before acting. *Link v. Wabash R.*

---

[1] The Court notes that on the latest returned envelope (docket no. 90) there is a handwritten notation of "Deceased." The Court has no further information on this notation.

*Co.*, 370 U.S. 626, 630-31, 633 (1962); *see White v. Bouchard*, 2008 WL 2216281 (E.D. Mich. May 27, 2008). When reviewing a Rule 41(b) dismissal the appellate court looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 615 (6th Cir. 1998).

**C.  Analysis**

After considering the factors identified in *Stough,* this action should be dismissed because of Plaintiff's failure to prosecute his case. With regard to the first factor, because Plaintiff is out of contact with the Court it is not clear why he has failed to keep the court advised of his current address and respond to this Court's order. It is clear however that Plaintiff is not keeping himself informed of the events of this case.

The second factor favors dismissal. Defendants and the Court are necessarily prejudiced when the plaintiff in an action cannot be contacted by any party or the Court.

With regard to the third factor, Plaintiff has not been warned that his failure to provide a current address to Defendants and the Court could result in the dismissal of this action. His failure to keep the Court advised of his current address makes such notification impossible.

Finally, the last factor also favors dismissal. Because the Court has no way to contact Plaintiff, there are no less drastic sanctions that could be imposed that have any reasonable probability of being effective. There also is no method by which the Court may advise Plaintiff of its intention to dismiss this action or notify Plaintiff to appear for a hearing.

The Sixth Circuit has approved of the dismissal without prejudice of an action for failure to prosecute when the plaintiff failed to keep the court advised of his current address. *White v. City of Grand Rapids*, 34 Fed. App'x 210 (6th Cir. May 7, 2002). In *White* the plaintiff was out of touch for a little over a month. Here, Plaintiff has been out of contact for at least four months. Accordingly, after considering the appropriate factors, this Court recommends that this action be dismissed without prejudice as to all remaining Defendants.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: April 29, 2009                          s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Tommy Thomason and Counsel of Record on this date.

Dated: April 29, 2009                          s/ Lisa C. Bartlett
                                                  Courtroom Deputy